IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


THOMAS L. REAGAN                    )
                                    )
        v.                          )        NO. 2:10-0017
                                    )
REGINA DIXON, et al.                )


TO:  Honorable Kevin H. Sharp, District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 30, 2011 (Docket Entry No. 20), the Court referred this action to

the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal

Rules of Civil Procedure, for consideration of all pretrial matters.

By Order entered April 1, 2010 (Docket Entry No. 6), the Court found that the pro se

plaintiff had alleged claims which were not frivolous under 28 U.S.C. § 1915A and directed the

Clerk to send to the plaintiff service packets (a blank summons and USM 285 form) for the named

defendants.  The plaintiff was instructed to complete the service packets and return them to the

Clerk's Office within twenty-one (21) days of the date of receipt of that Order.   On April 5, 2011,

the plaintiff filed a change of address notice stating that he was being released from incarceration

at the Cumberland County Jail and providing a new address.  See Docket Entry No. 9.

Because service packets had not been returned by the plaintiff and because it was not clear

from the record that service packets were, in fact, mailed to the plaintiff by the Clerk or, if mailed,

that they were received by the plaintiff, by Order entered October 3, 2011 (Docket Entry No. 23),

the Court directed the Clerk to resend to the plaintiff service packets for the named defendants at

the address of record listed for the plaintiff.  The plaintiff was instructed to  complete the service packets and return them to the Clerk's Office within twenty-one (21) days of the date of receipt of that Order, at which time process would issue to the defendants.  The plaintiff was warned that his failure to return the service packets within the time period permitted by that Order could result in the dismissal of his action.  The signature card for the certified mailing to the plaintiff shows that the mail was received on October 5, 2011, and signed for by "Thomas L. Reagan."  See Docket Entry No. 25.

The record in the action shows that the plaintiff has not returned service packets to the Court as he was ordered to do and that he has not otherwise contacted the Court in response to the Order entered October 3, 2011.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order."  Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets.  Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff.  See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to comply with specific directives from the Court to return service packets or to respond in any way to the Court's order clearly indicates that the plaintiff no longer wishes to prosecute this action.  Dismissal of the action with prejudice is appropriate in light of the

plaintiff's lack of interest in the action, the impasse in the action caused by plaintiff's conduct, and the needless expenditure of resources by the Court caused by the plaintiff's conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

3